## THOMAS DWYER, Respondent, v. CALIFORNIA STEAM NAVIGATION CO., Appellant.

### No. 1662; July 13, 1868.

**Instructions.**—Counsel Who Make No Effort at the Trial to have the jury given full instructions, and subsequently claim on appeal that the court prejudiced the case and misled the jury by charging as to one branch of the case at the expense of another, indulge in a reprehensible practice.

**Counsel Should Act in Good Faith Toward the Court,** and in emergencies not remain silent in order to invite an inadvertence, with a view, if possible, of torturing it into an error.

**Appeal—Error Invited by Counsel—Damages.**—An appeal based on conduct of the trial court, invited by counsel for the purpose of providing points for appeal, and not in fact prejudicial to his client, is to be regarded as a frivolous appeal, and in such cases on respondent's motion damages should be awarded.

APPEAL from Sixth Judicial District, Sacramento County.

R. C. Clark for respondent; Jas. L. English and A. Comte, Jr., for appellant.

SANDERSON, J.—The appellant asks for a new trial upon two grounds: 1st. Insufficiency of the evidence to justify the verdict; and 2d. Errors in the instructions of the court.

There are two respects in which it is claimed the evidence was insufficient: 1st, as to the cause of the fire, which burned the plaintiff's wood, and damaged his barge—whether it was caused by sparks from the smokestack of the defendant's boat, or by some other means, with which the defendant was not connected; and 2d, as to the condition of the bonnet or spark-catcher attached to the smokestack of the defendant's boat.

We have read with care all the evidence contained in the transcript, and the presumption is, that it contains all the evidence offered at the trial, having any relation to the foregoing points, and have no doubt as to the sufficiency of the evidence in both respects. Upon the question whether the fire was caused by sparks from the smokestack of the defendant's boat, there is no pretense for saying, as claimed by counsel for the appellant, that there is no evidence in favor of the proposition that the fire was so caused. If counsel means to say that none of the witnesses testified that they saw a spark leave the smokestack—that they followed its flight through the air and saw it fall upon the plaintiff's barge, and convert it into a bonfire—they are, undoubtedly, strictly correct. There was no such evidence—on the contrary, the evidence was circumstantial, but it was of a very conclusive and satisfactory character. There was no conflict—it all tended the same way.

The same is equally true of the testimony in relation to the condition of the sparkcatcher. The court, in its instructions, intimated that there might be some conflict in the testimony in that respect, but we are at a loss to discover what part of the testimony created such an impression in the mind of the court. Whatever conflict there was, was confined to the testimony on the part of the plaintiff, for no testimony was introduced on the part of the defendant. If the sparkcatcher was in good

repair and condition, it is incredible that the fact was unknown to the officers and crew of the boat; and the failure to call them justifies the inference that the plaintiff's witnesses were not mistaken as to the condition of the sparkcatcher.

The points made against the instructions are equally frivolous. It is claimed that undue prominence was given to the question as to the condition of the sparkcatcher, by the court's omitting to charge upon the question as to the cause of the fire. If the learned counsel for the defendant was of that opinion, why did he not impart equal prominence to the latter question, by asking the court to instruct the jury upon the evidence in relation to it, instead of remaining quietly in his seat, fishing for straws to rescue a hopeless case. The claim that the court prejudiced the case, or misled the jury by charging as to one branch, and not as to another, comes with a bad grace from counsel who made no effort to see that full instructions were given. Such a practice is not to be commended. Counsel should act in good faith toward the court, and not court an inadvertence by remaining silent, with a view, if possible, of torturing it into an error. It is very certain that the law should not be strained in aid and countenance of such a practice.

We think the appeal frivolous, and the claim of respondent for damages on that ground well founded.

It is, therefore, ordered, that the judgment and order of the court below be affirmed with five per cent damages.

We concur: Sawyer, C. J.; Sprague, J.; Crockett, J.; Rhodes, J.